UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON PARKER, | : CIVIL NO: 3:15-CV-2310 |
| Plaintiff, | : |
| | : (Judge Caputo) |
| v. | : |
| | : (Magistrate Judge Schwab) |
| BARKMAN, *et al.*, | : |
| Defendants. | : |

## REPORT AND RECOMMENDATION

### I. Introduction.

The plaintiff, Jason Parker ("Parker"), is a frequent filer who has three or more strikes under 28 U.S.C. § 1915(g). Because Parker has not presented any allegation that he was under imminent danger of serious physical injury at the time that he filed this action, we recommend that the Court deny his motion for leave to proceed *in forma pauperis* and dismiss the case without prejudice to Parker refiling the case if he pays the filing fee.

### II. Factual Background and Procedural History.

Parker filed the present complaint on November 27, 2015, naming as defendants no fewer than a dozen individuals employed at the State Correctional Institution at Frackville ("Frackville"). *Doc. 1* at 1, 9. The complaint maintains that Parker had been conversing with another inmate in early November 2015. *Id.*

at 3. While the two shook hands and exchanged pleasantries, Correctional Officer Barkman ("Barkman") began shouting Parker's name and indicated that he was going to write Parker up for misconduct. *Id.* Parker maintains that Barkman acted with such rapidity that he had no opportunity to respond before being written up. *Id.*

A subsequent hearing, presumably presided over by Sergeant Reed ("Reed") and Unit Manager Styka ("Styka"), later found Parker guilty of misconduct. *Id.* Parker characterizes the proceeding as a "kangaroo hearing" in which he was given neither a copy of the citation nor an opportunity to call witnesses on his behalf. *Id.* Parker further alleges that he was not granted a chance to appeal. *Id.* at 3, 13. Parker contends that the ordeal has caused him emotional and physical distress. *Id.* at 3. In consequence, he brings numerous claims under the United States and Pennsylvania Constitutions as well as state-law claims such as libel and intentional infliction of emotion distress. *Id.* at 14-18. To make up for his perceived injuries, Parker seeks, *inter alia*, a scant 10 billion dollars in compensatory damages and 500 million dollars in punitive damages. *Id.* at 27-28.

In addition to his complaint, Parker filed an application for leave to proceed *in forma pauperis*.[1] *See Doc. 5.* The application, otherwise complete, neglects to

---

[1] Parker initially applied for leave to proceed *in forma pauperis* using a form from the Eastern District of Pennsylvania. *See Doc. 2*. He later filed the application used by this Court.

2

indicate whether Parker has previously "brought [three] or more actions or appeals in a court of the United States that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted." *Doc. 5* at 1. Parker likewise fails to indicate whether he is currently seeking relief while "under imminent danger of serious physical injury." *Id.* at 2.

**III. Discussion.**

The purpose of the federal *in forma pauperis* statute is to "ensure that indigent litigants have meaningful access to the federal courts." *Ball v. Famiglio*, 726 F.3d 448, 451 (3d Cir. 2013). Thus, federal courts may "authorize the commencement, prosecution or defense of any suit . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). However, the statute's magnanimity dulls the economic incentives against filing frivolous or malicious lawsuits. *Coleman v. Tollefson*, 135 S.Ct. 1759, 1762 (2015) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). The "opportunity for abusive filings," *Ball*, 726 F.3d at 452, has perhaps been best illustrated by the "outsized share" of prisoner litigation in federal district courts. *Jones v. Bock*, 549 U.S. 199, 203 (2007) (stating that, as of 2005, nearly ten percent of all civil cases filed in federal courts were prisoner complaints and that most were without merit or frivolous).

Seeking to stem the "tide of substantively meritless" claims from prisoners, Congress enacted the Prison Litigation Reform Act in 1996. *Ball*, 726 F.3d at 452.

Especially pertinent in this case is the so-called "three strikes" provision, which stipulates:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  The point of the "three strikes" rule is to "limit the number of lawsuits brought by prisoners[2] with a history of meritless litigation." *Ball*, 726 F.3d at 452.  In fact, nothing in § 1915(g) blocks access to the federal courts; it merely "denies the prisoner the privilege of filing before he has acquired the necessary filing fee." *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 314 (3d Cir. 2001) (en banc).

---

[2] The statutory definition for the term "prisoner" is given at § 1915(h).  There is no question that Parker was a prisoner at the time he filed this action; yet, Parker was later paroled and, for a short time, was not incarcerated.  *See Docs. 8* (letter from Clerk of Court to Parker noting Parker's change of address and that review of a prisoner database showed that Parker was no longer in custody), *9* (most recent change of address listing Parker's address as the Curran-Fromhold Correctional Facility in Philadelphia).  Parker's temporary taste of freedom notwithstanding, the provisions of the Prison Litigation Reform Act ("PLRA") still apply to the present case because Parker was a prisoner when he filed.  *See In re Smith*, 114 F.3d 1247, 1251 (D.C. Cir. 1997) ("If a litigant is a prisoner on the day he files a civil action, the PLRA applies); *accord Simpson v. City of Coatesville Pa.*, 2012 WL 2648008, at *1 n.1 (E.D. Pa. Aug. 23, 2012); *see also Drayer v. Attorney Gen. of State of Delaware*, 81 F. App'x 429, 431 (3d Cir. 2003) (holding that requirements of § 1915(b)(1)-(2) applied to former prisoner's case even though he had been released after filing his case).

When he filed his application for leave to proceed *in forma pauperis*, Parker cagily declined to answer a question designed to ascertain whether he fell within the "three strikes" provision. *See Doc. 5* at 1. In an otherwise thoroughly complete submission, Parker's omission is glaring. To the extent that Parker's strategic oversight was a ploy intended to conceal his prior "strikes," it failed. Indeed, it is abundantly clear that, on at least three prior occasions, courts have dismissed Parker's actions as frivolous or for failing to state a claim. For instance, in March of 2015, Judge Goldberg, of the United States District Court for the Eastern District of Pennsylvania, dismissed a complaint filed by Parker on the grounds that it failed to state a claim. *See Parker v. Nutter, et al.*, 2:14-CV-07113 (E.D. Pa.). Judge Goldberg similarly dispensed with two other claims in September of 2015. *See Parker v. O'Connor, et al.*, 2:15-CV-03475 (E.D. Pa.) (dismissing the case as frivolous and for failure to state a claim); *Parker v. Montgomery County Correctional Facility, et al.*, 2:15-CV-04205 (E.D. Pa.) (dismissing the case for failure to state a claim). Given Parker's record of filing frivolous cases and cases that fail to state a claim, § 1915(g) denies him the benefit of proceeding *in forma pauperis*.[3]

---

[3] Noting that Parker had "three strikes" under § 1915(g), Judge Goldberg also denied Parker *in forma pauperis* status in December of 2015. *See Parker v. Shuter, et al.*, 2:15-CV-05429 (E.D. Pa.).

The question now becomes whether Parker can maintain the present action despite his earlier "strikes." Ordinarily, a prisoner can circumvent the "three strikes" provision if, at the time the action is filed, he or she is under imminent danger of serious physical injury. *Abdul-Akbar*, 239 F.3d at 314. Yet, Parker cannot avail himself of this exemption because his complaint is bereft of any assertion of imminent physical injury. Parker likewise neglected to make any such claim on his application for leave to proceed *in forma pauperis*. *See* Doc. 5 at 2.

The fact that Parker has filed appeals[4] of his earlier "strikes" is also without consequence for the instant case. "A prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal." *Coleman*, 135 S.Ct. at 1763. Clearly, whatever glimmer of hope an appeal once afforded has been extinguished for Parker, whose prior dismissals were all for "statutorily enumerated" reasons.

In sum, Parker has accumulated at least three "strikes" under § 1915(g). Accordingly, his application for leave to proceed *in forma pauperis* should be denied and his case dismissed without prejudice.

---

[4] *See Parker v. Montgomery County Correctional Facility, et al.*, 2:15-CV-04205 (E.D. Pa.), *appeal docketed*, No. 15-3449 (3d Cir. Oct. 15, 2015); *Parker v. O'Connor, et al.*, 2:15-CV-03475 (E.D. Pa.), *appeal docketed*, No. 15-3451 (3d Cir. Oct. 15, 2015).

## IV. Recommendations.

Based on the foregoing, **IT IS RECOMMENDED** that Parker's application (*doc. 5*) for leave to proceed *in forma pauperis* be **DENIED** and that the case be **DISMISSED** without prejudice to Parker refiling the case along with the full filing fee.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this **4th** day of **April, 2016**.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge
