**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JASON PARKER,  Plaintiff, v. BARKMAN, et al., Defendants. | CIVIL ACTION NO. 3:15-CV-2310 (JUDGE CAPUTO) (MAGISTRATE JUDGE SCHWAB) |

## **MEMORANDUM**

Presently before me is the Report and Recommendation of Magistrate Judge Schwab (Doc. 10) with respect to a motion for leave to proceed *in forma pauperis* (Doc. 5) filed by Plaintiff Jason Parker. Magistrate Judge Schwab recommends that Plaintiff's motion be denied and that his complaint be dismissed without prejudice to Plaintiff re-filing the complaint if he pays the requisite filing fee. Because I agree that Plaintiff is not entitled to proceed *in forma pauperis* under 28 U.S.C. § 1915(g), I will adopt the Report and Recommendation in full. Plaintiff's motion will be denied and his complaint will be dismissed without prejudice.

### **I. Background**

On November 27, 2015, Plaintiff filed a complaint against various individuals employed at the State Correctional Institution at Frackville, asserting claims under the United States and Pennsylvania Constitutions as well as state-law claims, such as libel and intentional inflection of emotional distress. (Doc. 1.) On that same day, Plaintiff also filed a motion for leave to proceed *in forma pauperis*. (Doc. 2.) However, when filing his application, Plaintiff used a form from the Eastern District of Pennsylvania. He later corrected this error and filed the application used by this Court on December 11, 2015. (Doc. 5.)

On April 4, 2016, Magistrate Judge Schwab issued the instant Report and Recommendation, recommending that Plaintiff's motion for leave to proceed *in forma*

*pauperis* be denied and that his complaint be dismissed without prejudice to him re-filing his complaint with the requisite filing fee.  (Doc. 10.)  On April 14, 2016, Plaintiff filed his Objection to Magistrate Judge Schwab's Report and Recommendation.  (Doc. 11.)  The Report and Recommendation and Plaintiff's Objection thereto are now ripe for review.

## II. Legal Standards

Where objections to the Magistrate Judge's Report and Recommendation are filed, the district court must conduct a *de novo* review of the contested portions of the report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir.1989) (citing 28 U.S.C. § 636(b)(1)(C)). However, this only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984).  In conducting a *de novo review*, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge.  28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993).  Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7.  Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985).  At the very least, the court should review uncontested portions for clear error or manifest injustice. *Cruz v. Chater*, 990 F. Supp. 375, 376–77 (M.D. Pa. 1998).

## III. Discussion

The purpose of the federal *in forma pauperis* statute is to "ensure that indigent litigants have meaningful access to the federal courts." *Ball v. Famiglio*, 726 F.3d 448, 451 (3d Cir. 2013).  Thus, federal courts may "authorize the commencement, prosecution or defense of any suit . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1).  However, to ensure that this provision does not result in the "tide of substantively meritless" claims from prisoners, Congress enacted the Prison Litigation Reform Act in 1996. *Ball*, 726 F.3d at 452 (citation and internal quotation

marks omitted).  This includes a "three strikes" provision, which provides that "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," he is not entitled to proceed *in forma pauperis* under the statute, unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  Nothing in this provision blocks a prisoner's access to the federal courts; it only "denies the prisoner the privilege of filing before he has acquired the necessary filing fee." *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 314 (3d Cir. 2001) (en banc).

In his motion for leave to proceed *in forma pauperis*, Plaintiff neglected to indicate whether he has previously "brought 3 or more actions or appeals in a court of the United States that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted." (Doc. 5, at 1.)  He also failed to indicate whether he is currently seeking relief while "under imminent danger of serious physical injury." (*Id.* at 2.)  However, court records show that on at least three (3) prior occasions, courts have dismissed Plaintiff's actions as frivolous or for failure to state a claim.  For example, on March 18, 2015, Judge Goldberg, of the United States District Court for the Eastern District of Pennsylvania, dismissed with prejudice a complaint filed by Plaintiff for failure to state a claim.  *See Parker v. Nutter, et al.*, 2:14-cv-07113 (E.D. Pa.) (Doc. 2).  Judge Goldberg similarly dispensed with two (2) other cases filed by Plaintiff in September of 2015.  *See Parker v. O'Connor, et al.*, 2:15-cv-03475 (E.D. Pa.) (Docs. 14 & 15) (Sept. 17, 2015) (dismissing Plaintiff's complaint with prejudice as "frivolous, malicious, and for failure to state a claim"); *Parker v. Montgomery Cty. Corr. Facility, et al.*, 2:15-cv-04205 (E.D. Pa.) (Docs. 6 & 7) (Sept. 17, 2015) (dismissing Plaintiff's complaint with prejudice for failure to state a claim).  Given Plaintiff's record of filing cases that have been dismissed as frivolous and for failure to state a claim, the "three strikes" rule precludes

him from proceeding *in forma pauperis* under Section 1915(g).[1]

The only issue here is whether Plaintiff can maintain the present action despite his earlier "three strikes." Although a prisoner may circumvent the "three strikes" provision if, at the time the action is filed, he or she is under imminent danger of serious physical injury, *Abdul-Akbar*, 239 F.3d at 314, Plaintiff's complaint is bereft of any assertion of imminent physical injury. As noted earlier, he likewise neglected to make any such claim on his application for leave to proceed *in forma pauperis*. (Doc. 5, at 2.)

In his Objection to the Report and Recommendation, Plaintiff requests that I "suspend" enforcement of the "three strikes" rule because his cases that were previously dismissed as frivolous and for failure to state a claim are now under appeal before the United States Court of Appeals for the Third Circuit.[2] (Doc. 11, at 2.) He also notes that he has been appointed counsel to litigate these cases. (*Id.* at 2-3.) However, there is no exception under the "three strikes" rule for cases under appeal. "A prior dismissal on a statutorily enumerated ground counts as a strike [under Section 1915(g)] even if the dismissal is the subject of an appeal." *Coleman v. Tollefson*, 135 S.Ct. 1759, 1763 (2015). Therefore, it is of no consequence with regard to the "three strikes" rule that Plaintiff has chosen to appeal his previously dismissed cases.

Because Plaintiff has accumulated at least three "strikes" under Section 1915(g) and because he has not claimed to have been under imminent danger of serious physical injury at the time that he filed this action, his motion for leave to proceed *in forma pauperis* will be denied. Plaintiff's complaint will be dismissed without prejudice to him re-filing his complaint with the requisite filing fee.

---

[1] Noting that Plaintiff had "three strikes" under Section 1915(g), Judge Goldberg also denied Plaintiff *in forma pauperis* status in December of 2015. *See Parker v. Shutter, et al.*, 2:15-cv-05429 (E.D. Pa.) (Doc. 2) (Dec. 22, 2015).

[2] *See Parker v. Montgomery Cty. Corr. Facility, et al.*, 2:15-cv-04205 (E.D. Pa., *appeal docketed*, No. 15-3449 (3d Cir. Oct. 15, 2015); *Parker v. O'Connor, et al.*, 2:15-cv-03475 (E.D. Pa.), *appeal docketed*, No. 15-3451 (3d Cir. Oct. 15, 2015).

## IV. Conclusion

For the above stated reasons, Plaintiff's motion for leave to proceed *in forma pauperis* will be denied and his complaint will be dismissed without prejudice.

An appropriate order follows.

June 17, 2016 /s/ A. Richard Caputo
Date A. Richard Caputo
United States District Judge